IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELL WILLIAMS, #K-50752,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-cv-377-DRH |
| | ) |
| **DR. SCHICKER, et al.,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Plaintiff Dell Williams, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; portions of this action are subject to summary dismissal.

### THE COMPLAINT

Williams initiated this action with a motion for temporary restraining order and/or preliminary injunction (Doc. 1). This pleading was construed as his complaint, and Williams later filed a supplement (Doc. 5) in which he presents one specific claim for relief. The Court and all parties will consider these two pleadings, jointly, as the complaint in this action.

In 2008, Williams was diagnosed with a hernia. Doctors at both Stateville and Pinckneyville told him not to lift anything heavy, and that if the hernia popped out, he should "keep pushing it back in." They also explained to him that the surgery to repair the hernia was expensive, but he could have it done for free at Cook County hospital after his release from prison. After Williams was transferred to Menard, he received similar advice from Defendant Fahim. Fahim also told him to report if the hernia turned red, but that surgery was no longer performed due to the cost.

In early 2010, the hernia ruptured and began to bleed. Williams was examined by a physician's assistant, who told him she would "put [him] in for immediate surgery" or at least to see the doctor, Fahim. Despite filing several sick call requests to see Fahim, Williams did not see the doctor nor receive surgery for his ruptured hernia. At the end of April 2010, Williams was taken to the prison hospital due to the severe pain caused by his hernia. Again, Fahim pushed it back in but would not schedule surgery "due to cost."

### DISCUSSION

Williams alleges, specifically, that Fahim has been deliberately indifferent to his medical needs with respect to his ruptured hernia, in violation of his rights under the Eighth Amendment.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994);

> *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). Applying these standards to the allegations in the complaint and supplement, the Court is unable to dismiss Williams's claim against Fahim at this time.

Williams also asserts claims of liability against I.D.O.C. Medical Director Schicker, and two Wexford employees – Defendants Paul and Sestak – for establishing policies that have resulted in violations of Williams's constitutional rights with respect to surgery for his hernia. The Seventh Circuit has held that a corporate entity, or those who represent that corporation, may be held liable for violations of an inmate's constitutional rights when the entity's policy creates conditions that infringe upon an inmate's constitutional rights. *See Woodward v. Corr. Medical Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). This is exactly the substance of Williams's claim against Schicker, Paul and Sestak, and thus the Court is unable to dismiss this claim against them at this time.

In an unrelated matter, Williams states that his cellmate has Hepatitis-C, and twice has vomited on Williams when he could not get to the toilet on time. Williams requests that he be given

a test to see if he has contracted the disease, as well as removal from this cell. This situation is mentioned just briefly in the initial pleading (Doc. 1), and Williams makes no allegations against any specific defendant with respect to his housing assignment or his concerns about Hepatitis-C. Thus, this claim will be dismissed without prejudice from this action.

### INJUNCTIVE RELIEF

As mentioned above, Williams initiated this action with a motion for issuance of a temporary restraining order (TRO). A TRO is an order issued without notice to the party to be enjoined that may last no more than ten days, and one may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b). At this time, the Court is of the opinion that a TRO should not issue in this matter. Williams's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. Therefore, the request for issuance of a temporary restraining order is **DENIED**.

As for Williams's alternative request for a preliminary injunction, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by the plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public

interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

At this time, the Court finds that issuance of a preliminary injunction is not warranted, and this request is also denied, without prejudice.

### APPOINTMENT OF COUNSEL

Williams also asks the Court for appointment of counsel in this matter (Doc. 7). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). With regard to the first step of the inquiry, Williams indicates that he has made at least some attempt to find counsel on his own, without success.

With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.*; *see also Santiago*, 599 F.3d at 762-64. At this point in time, it is difficult for the Court to assess this factor. *See Romanelli*, 615 F.3d at 852 (noting infancy of case makes it impossible to make accurate determination of *pro se* litigant's ability to litigate case). Williams's claim does not appear to be factually complex, as discussed above. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, the pleadings adequately articulate his claim. Defendants have not yet been served with process and,

therefore, have not yet filed a reply or answer to the complaint. Future developments may change the Court's mind on whether counsel should be appointed or not. At this early stage and time, though, the Court concludes that Williams appears to be competent to litigate his case. Therefore, the motion for appointment of counsel is **DENIED**, without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that the claim involving exposure to Hepatitis-C is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **SCHICKER, FAHIM, PAUL** and **SESTAK** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **FOUR** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **SCHICKER, FAHIM, PAUL** and **SESTAK**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of *the complaint (Doc. 1) and the supplement (Doc. 5)* to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **SCHICKER, FAHIM, PAUL** and **SESTAK** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of *the complaint (Doc. 1) and the supplement (Doc. 5)*, applicable forms 1A and 1B,

and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b). **IT IS SO ORDERED.**

David R. Herndon
2010.11.12
16:20:46 -06'00'

**DATED:** November 12, 2010       **CHIEF JUDGE**
                                   **UNITED STATES DISTRICT COURT**