IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELL WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-377-GPM |
| | ) |
| DR. SCHICKER and MAGID FAHIM, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 60), recommending that this Court grant Defendants' motions to dismiss, finding Plaintiff failed to exhaust his administrative remedies prior to filing his 42 U.S.C. § 1983 suit against Defendants. The Report and Recommendation was entered on November 4, 2011. No objections have been filed.

Plaintiff Dell Williams, currently an inmate in Lawrence Correctional Center, filed this case for deliberate indifference to medical needs. He claims that he was denied surgery for a ruptured hernia (Doc. 9). Mr. Williams's claim against Dr. Schicker, Dr. Magid Fahim, Ms. Paul, and Tom Sestak survived threshold review (Doc. 9). Defendants Paul and Sestak were dismissed on June 6, 2011 for failure to serve pursuant to Federal Rule of Civil Procedure 4(m). Defendants Schicker and Fahim moved for summary judgment on the basis that Plaintiff had failed to exhaust his administrative remedies before bringing suit (Docs. 30, 48). Defendant Fahim also filed a motion to dismiss on the basis of qualified immunity (Doc. 50). As required by *Pavey v. Conley*, 544 F.3d

739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendants' failure-to-exhaust motions.  Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before this Court.  The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, including the testimony heard during the *Pavey* hearing, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.  28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).  The Court "may accept, reject or modify the magistrate judge's recommended decision."  *Harper*, 824 F. Supp. at 788.  In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'"  *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  While a *de novo* review is not required here, the Court has considered the evidence adduced at the *Pavey* hearing and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.  At the hearing before Magistrate Judge Wilkerson, Mr. Williams admitted that he had failed to properly appeal the grievances relevant to this action.  He re-sent his initial grievance to various recipients, but never followed through with the appeals process–the Administrative Review Board never received his

grievances. The Court also credits Magistrate Judge Wilkerson's assessment that Mr. Williams's account of an anonymous seven-foot-tall corrections officer who refused to accept Mr. Williams's grievances is dubious. Mr. Williams therefore did not fully exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a).

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 60) and **GRANTS** Defendants' motions to dismiss for failure to exhaust administrative remedies (Docs. 30, 48). Defendant Fahim's motion to dismiss based on the doctrine of qualified immunity is **MOOT** (Doc. 50). It is not clear from the record whether Mr. Williams can revive the grievance/appeals process at this stage pursuant to Illinois regulation. As such, Plaintiff's action is **DISMISSED without prejudice**. Judgment will enter accordingly.

**IT IS SO ORDERED.**

DATED: November 29, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge